UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CLAY B. SULLIVAN ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:09-0406 |
| ] | Judge Campbell |
| RICKY J. BELL, WARDEN ] | |
|     Respondent. ] | |

**M E M O R A N D U M**

On December 9, 2003, a jury in Davidson County found the petitioner guilty of facilitation of attempted voluntary manslaughter, attempted second degree murder, and especially aggravated robbery. For these crimes, he received an aggregate sentence of twenty two (22) years in prison.

The petitioner initiated this action with the filing of a *pro se* petition (Docket Entry No.1) under 28 U.S.C. § 2254, for writ of habeas corpus, challenging the legality of his convictions. More specifically, the petitioner alleges that the evidence was not sufficient to support his conviction for especially aggravated robbery. In addition, he claims four instances in which trial counsel was ineffective, an error in his sentencing, and the ineffective assistance of post-conviction counsel.

The respondent filed an Answer (Docket Entry No.17) in

1

response to the habeas corpus petition. On September 30, 2010, the Magistrate Judge issued a Report and Recommendation (Docket Entry No.35) in which he urges the Court to deny the petitioner's petition and dismiss the instant action. The petitioner has filed a timely Objection (Docket Entry No.38) to the Magistrate Judge's Report and Recommendation.

The petitioner's sole objection to the Report and Recommendation is the Magistrate Judge's finding that the petitioner had procedurally defaulted federal review of his claim that trial counsel was ineffective for failing to impeach a prosecution witness (Bagby) with an aggravated perjury charge.

A federal district court will not entertain a claim for habeas corpus relief unless the claim has first been fully exhausted in the state courts. 28 U.S.C. § 2254(b). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claim to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982). Once his federal claim has been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claim. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[1]

---

[1] In Tennessee, a petitioner need only take his claim to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; see also Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

The petitioner claims that trial counsel was ineffective for failing to impeach a prosecution witness with evidence of an outstanding aggravated perjury charge. This claim was never offered to the Tennessee Court of Criminal Appeals for consideration. Docket Entry No.17-6 at pgs.10-12. Thus, the Magistrate Judge correctly found that this claim had not been fully exhausted in the state courts. Unfortunately, at this late date, it appears that state court remedies for this claim are no longer available. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Therefore, by way of procedural default, the petitioner has technically met the exhaustion requirement with respect to this claim. <u>Alley v. Bell</u>, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim via procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of a federal constitutional issue forfeits the right to federal review of that issue, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation. <u>Gray v. Netherland</u>, 518 U.S. 152, 162 (1996).

In this regard, the petitioner asserts cause by stating "It was error for the post-conviction counsel not to include this issue in the Court of Criminal Appeals of Tennessee." Docket Entry No.38 at pg.2. The alleged ineffectiveness or incompetence of post-conviction counsel, however, is insufficient as cause to overcome a procedural default. 28 U.S.C. § 2254(i). Therefore, the Magistrate Judge did not err when he found that this claim was not cognizable due to the petitioner's unexcused procedural default.

For the reasons stated above, the Court finds no merit in the petitioner's objection. Accordingly, the objection shall be overruled and the Report and Recommendation adopted and approved in all respects.

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge